111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
SUPREME VIDEO, INC., Plaintiff-Appellant,
v.
Steven SCHAUZ, et al., Defendants-Appellees.
 No. 96-2505.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 16, 1996.*
Decided March 25, 1997.
 
 Before WOOD, JR., FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 This is a successive appeal to Supreme Video, Inc. v. Schauz, 15 F.3d 1435 (7th Cir.1994). In that case, after officers seized a number of videotapes from Supreme Video's premises, Supreme Video sued the Oshkosh, Wisconsin police department and individual police officers for violations of its First, Fourth, and Fourteenth Amendment rights. In our earlier opinion, we affirmed the district court's dismissal of the personal capacity claims against the defendants, reversed the court's dismissal of Supreme Video's request for injunctive and declaratory relief and remanded to the district court to determine whether Supreme Video was entitled to such relief. The facts remain as set forth in our prior decision.
 
 
 2
 On remand, the district court decided the issue of whether Supreme Video was entitled to injunctive and declaratory relief on a motion for summary judgment. Supreme Video v. Schauz, 927 F.Supp. 321 (E.D.Wis.1996). It concluded that the search warrant Officer Schauz used to seize videotapes from plaintiff's store was constitutionally valid, because the warrant described the items to be seized with sufficient particularity and because probable cause supported the warrant's issuance. The court held that because the search warrant was valid, Supreme Video was not entitled to relief, and the case was dismissed.
 
 
 3
 On appeal again to this court, Supreme Video presents the same arguments that we rejected in our earlier opinion. It does not identify a genuine issue of material fact that would preclude the grant of summary judgment. As a result, the grant of summary judgment is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)